UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 23-88-DCR

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                         **PLEA AGREEMENT**

MICHAEL RAY LANDSNESS                                       DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2422(b), Attempted Online Enticement of a Minor to Engage in Criminal Sexual Conduct. The United States will move at Sentencing to dismiss Count 2 of the Indictment.

2. The essential elements of Count 1 are:

   (a)   The Defendant knowingly attempted to;

   (b)   Persuade, induce, entice, and coerce;

   (c)   An individual who had not attained the age of 18 years;

   (d)   To engage in sexual activity for which any person can be charged with a criminal offense; and

   (e)   The Defendant used a facility or means of interstate or foreign commerce to do so.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) The Defendant is a trucker that lives in Missouri, but routinely traveled through Kentucky during his work travels. In May 2022, the Defendant connected with an undercover law enforcement agent posing as a 14-year-old girl and engaged in chats with her via the internet or text communications in which he discussed engaging in various sexual acts, to include vaginal and oral sex, with the purported 14-year-old. Although the Defendant talked about meeting the 14-year-old for sexual purposes, he failed to show up at the arranged meet and then stopped all communications with the purported minor.

    (b) On July 17, 2023, law enforcement again located an ad placed by the Defendant in which he was looking for young women to have sex with him in his truck during his travels as a truck driver. Law enforcement responded, this time posing as a 15-year-old minor. The Defendant again engaged in sexual chats with the purported minor. During these chats, the Defendant attempted to entice the purported minor to engage sexual activity with him, to include vaginal and oral sex. The Defendant also scheduled a time to meet with the purported minor at a truck stop in Woodford County for the purpose of engaging in sexual activity.

    (c) On July 27, 2023, the Defendant traveled from his home in Missouri to a truck stop in Woodford County, Kentucky, for the purpose of engaging in sexual activity with the purported minor. The Defendant gave the purported minor directions on his location at the truck stop, where law enforcement located the Defendant in the sleeper compartment of his semi-truck. He was then taken into custody.

    (d) The Defendant admits that he knowingly attempted to persuade someone he believed to be 15 years-of-age to engage in sexual activity on or about the dates alleged in the Indictment. The Defendant also admits he attempted to entice the purported minor using both the internet and text messaging, which are means and facilities of interstate commerce. The Defendant also admits that, given the age of the purported minor, it would be a violation of Kentucky law for him to engage in sexual activity with the minor.

4. The statutory punishment is imprisonment for not less than 10 years nor more than life, a fine of not more than $250,000, and a term of supervised release of not less than

5 years nor more than life. A mandatory special assessment of $100 applies, which the Defendant will pay by the time of the sentencing hearing. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including the crime to which the Defendant is pleading guilty. The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.) 2021 manual will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 2G1.3(a)(3), the base offense level is 28.

    (c) Pursuant to U.S.S.G. § 2G1.3(b)(3)(A), increase the offense level by 2 levels because "the offense involved the use of a computer . . . to . . . persuade, induce, entice, [or] coerce . . . the minor to engage in prohibited sexual conduct[.]"

    (d) Pursuant to U.S.S.G. § 4B1.5(b)(1), increase the offense level by 5 levels because the offense of conviction is a covered sex crime and the Defendant engaged in a pattern of activity involving prohibited sexual conduct.

    (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he/she already has submitted. If the

Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his/her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to pay any restitution award pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described

in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's

financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER IV
UNITED STATES ATTORNEY

Date: 9/21/23     By: _____
Erin M. Roth
Assistant United States Attorney

Date: 9/21/23     _____
Michael Ray Landsness
Defendant

8

Date: __9/21/23__  _____
  Bradley Clark
  Attorney for Defendant