UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                                                        CRIMINAL NO. 5:23-CR-00088-DCR

MICHAEL RAY LANDSNESS                                                 DEFENDANT

## DEFENDANT'S SENTENCING MEMORANDUM

Comes the defendant, by counsel, to hereby request that this honorable Court impose a custodial sentence at the low-end of the guidelines. The PSR accurately calculates Mr. Landsness's guideline range at 121-151 months of incarceration. By statute, the Court must sentence Mr. Landsness to at least 120 months. A sentence of 121-127 months, consistent with the national average would be sufficient to satisfy the edicts of 18 U.S.C. § 3553(a).

An exhaustive recitation of the 18 U.S.C. § 3553(a) factors is unnecessary in this case. Mr. Landsness' offense conduct is truly abhorrent. The only redeeming quality of the nature of his offense is that no children were contacted or harmed, though Mr. Landsness may have thought otherwise. Nor is Mr. Landsness' history or character particularly remarkable—according to Mr. Landsness he had a good upbringing in a stable home. What can be said for Mr. Landness is that he has no prior criminal history, and he held a stable job as a CDL truck driver. The lack of criminal history is of course taken into consideration by the guidelines, but Mr. Landsness does deserve some modicum of commendation for holding a steady job and supporting a family prior to this offense.

This Court is aware of the significant criticism that has come from academia, as well as the United States Sentencing Commission[1] of the two-level enhancement for use of a computer that is frequently applied in child pornography cases. A similar enhancement applies in this case. It is very difficult to conceive of someone committing this crime in 2023 without the use of a computer or online service. Therefore, this enhancement is likely applied in many, if not most, violations of 18 U.S.C. § 2422(b). An enhancement that applies in many cases is no longer an enhancement, but a *de facto* increased base-offense level. The Guidelines were promulgated during an earlier era of computer and internet technologies when the enhancements were intended to apply only in atypical or aggravated cases. But because of today's computer and internet technologies, most those antiquated enhancement provisions now apply to typical defendants. Given this, the Court should consider a sentence in the low-end of the advisory guidelines, as the two-level enhancement for use of a computer no longer applies to only aggravated violations of 18 U.S.C. § 2422(b), but to the typical, mine-run cases like this one.

Finally, a sentence to the low-end of the guidelines would be consistent with national data and comport with 18 U.S.C. § 3553(a)(6): the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. According to JSIN, during the last five fiscal years (FY2018-2022), there were 46 defendants whose primary guideline was §2G1.3, with a Final Offense Level of 32 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 46 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 127 month(s) and the median length of imprisonment imposed was

---

4.   [1] U.S. SENTENCING COMM'N, REPORT TO CONGRESS: FEDERAL CHILD PORNOGRAPHY OFFENSES (2012).

121 month(s). A sentence between 121-127 months would be consistent with national averages. It is also worth noting that the JSIN data indicates that 94% of defendants sentenced during the above period received a guideline sentence or downward variance.

Respectfully submitted,

/s/ Bradley Clark
Suhre & Associates – Lexington
333 W. Vine St., Ste. 300
Lexington, KY 40507
Ph: (859) 474-0001
bclark@suhrelaw.com

CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2024 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the Hon. Erin Roth, Assistant United States Attorney.

/s/ Bradley Clark
Bradley Clark
Counsel for Mr. Landsness
